UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH KWAKYEWAA,

               Plaintiff,

-against-

ANNIE HIAMEY; GO GHANA LLC,

               Defendant.

24-CV-6529 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Bronx County, New York, brings this action *pro se*. Plaintiff alleges that Defendants, who are located in Brewster County, Texas, violated her rights under the civil Racketeer Influenced and Corrupt Organizations ("RICO") Act and state law. For the following reasons, the Court transfers this action to the United States District Court for the Western District of Texas.

## DISCUSSION

    Plaintiff brings claims under the RICO Act, which includes a venue provision, 18 U.S.C. § 1965(a). Under the civil RICO Act, claims "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Venue for a RICO Act claim thus generally lies where a defendant resides or transacts affairs.

    Plaintiff alleges that Defendant Annie Hiamey resides in Alpine, Texas (ECF 1 at 2, ¶ 4), which is in Brewster County. The only other defendant is GO Ghana, LLC, which is a limited liability company with an address in Brewster County, Texas, that is alleged to be operated and controlled by Defendant Hiamey. (*Id.* at ¶ 5.) Brewster County is in the Western District of Texas, Pecos Division. 28 U.S.C. § 124(d)(6).

Accordingly, under Section 1965(a), venue of Plaintiff's RICO claim appears to lie in the Western District of Texas, where defendants reside, can be found, and transact their affairs. In the interest of justice, the Court transfers this action to the United States District Court for the Western District of Texas, 28 U.S.C. §§ 1404, 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Texas, Pecos Division. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 4, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge