**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **SARAH KWAKYEWAA,** *Plaintiff,* | § | |
| **v.** | § | **PE:24-CV-00045-DC** |
| **ANNIE HIAMEY and GO GHANA LLC,** *Defendants.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is United States Magistrate Judge David B. Fannin's Report and Recommendation ("R&R")[1] concerning Defendant Annie Hiamey's Motion to Dismiss Amended Complaint and Opposition to Plaintiff's Application for Entry of Default.[2] Similarly before the Court is Hiamey's Motion to Strike Plaintiff's Objections for Failure of Service.[3]

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in so doing, secure de novo review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error.[4]

---

[1] Doc. 58.
[2] Doc. 55.
[3] Doc. 62.
[4] *See* Fed. R. Civ. P. 72 advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Both Kwakyewaa and Hiamey timely filed objections.[5] The Court has conducted a de novo review of those portions of the R&R to which the parties lodged specific objections and reviewed the remainder for clear error. Having done so, the Court **OVERRULES** all objections and **ADOPTS** the R&R as its own Order to the extent that the Court finds Kwakyewaa's Amended Complaint insufficient to support a civil-RICO claim and declines to exercise supplemental jurisdiction over her state-law claims.

## I. Motion to Strike

Hiamey asks the Court to strike Kwakyewaa's objections to the R&R on account of Kwakyewaa's failure to properly serve the objections. However, supplemental briefing on the matter indicates that this omission has not significantly disrupted the normal course of litigation or otherwise prejudiced any party.[6] Because both parties have appeared and continue to appear before the Court in a *pro se* capacity, the Court deems it appropriate to deny Hiamey's Motion to Strike and to decide the objections on the merits.

## II. Kwakyewaa's Objections

### A. Kwakyewaa contends that she has pleaded facts sufficient to support a pattern of racketeering activity.

To fairly address Kwakyewaa's first objection, it is necessary here that the Court repeat some basic factual background about the case. Put simply, this action concerns a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim and multiple state-law claims under New York and Texas law. In September 2022, Kwakyewaa found herself looking for a way to secure a United States Visa for her brother, Ampomah M. Kingsley, a

---

[5] Docs. 59, 60.

[6] *See* Doc. 63.

citizen of Ghana. To accomplish this personal objective, Kwakyewaa did not turn to an agency such as the United States Citizenship and Immigration Services herself. Rather, the story of this case originates in Kwakyewaa's interaction with "Go Ghana LLC" and its manager, one Annie Yayra Hiamey. Following a detailed conversation between the two women, Kwakyewaa learned that Hiamey was a Ghanaian citizen who frequently travels between the United States and Ghana. Hiamey told Kwakyewaa that she "worked for the Texas State government" and could (through unspecified means) "get Kingsley a U.S. Visa through her job."[7] That conversation, and many others, led Kwakyewaa to believe that Hiamey could solve all of her immigration issues. It was this belief that led Kwakyewaa to fill out personal questionnaires sent to her via "WhatsApp" and ultimately send Hiamey thousands of dollars.

The R&R recommends that the Court dismiss Kwakyewaa's civil-RICO claim and decline to exercise supplemental jurisdiction over the remainder of her claims. Kwakyewaa objects to this suggestion by defending the validity of her civil-RICO claim, arguing that the Amended Complaint "pleads repeated fraudulent communications and transfers, over an extended period, by which Defendant Hiamey . . . induced and retained Plaintiff's money through materially false representations concerning immigration services, government authority, USCIS filing activity, and refund promises."[8]

Title 18 U.S.C. § 1962 of the Racketeer Influenced and Corrupt Organizations Act makes it a federal crime to perform certain acts which involve conducting an enterprise through a pattern of racketeering activity. To bring a civil-RICO claim, a plaintiff is expected

7 Doc. 47 at 2.
8 Doc. 59 at 4.

to plead that there was (1) a person who engaged in (2) a pattern of racketeering activity that was (3) connected to the acquisition, establishment, conduct, or control of an enterprise.[9] The relevant objection concerns the second element—pleading a pattern of racketeering activity. In the context of civil-RICO claims, a pattern of racketeering activity consists of at least two "predicate criminal acts" that are (1) related and (2) amount to or pose a threat of continued criminal activity.[10] At its core, the objection relates to the second sub-element: whether Kwakyewaa's identified predicate criminal acts satisfy the "continuity" requirement. "'Continuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition."[11] Here, Kwakyewaa argues that the Amended Complaint sufficiently highlights a closed-ended pattern of repeated conduct that occurred from 2022 through 2024. In this context, Kwakyewaa is expected to present sufficient facts to indicate that the RICO predicate acts are not "part and parcel of a single, otherwise lawful transaction."[12]

In her objections to the R&R, Kwakyewaa admits that every single one of her nine listed predicates "concern[] one victim's payment for one promised visa."[13] The "otherwise lawful transaction" in this case may accurately be described as Hiamey's assistance to Kwakyewaa regarding the filing for an immigration visa. Because the Amended Complaint indicates that Hiamey offered her services to collect certain personal information and "file[] for the visa with USCIS," and in the absence of any allegation that Kwakyewaa had entered

---

[9] *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 523–24 (5th Cir. 2016).
[10] *Id.* at 524.
[11] *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241 (1989).
[12] *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 123 (5th Cir. 1996).
[13] Doc. 59 at 5.

into an illegal transaction with Hiamey, the Court finds that the predicate acts are "part and parcel of a single, otherwise lawful transaction."[14] As a result, they are insufficient to support her civil-RICO claim.[15]

The R&R's citation to *Bustos v. Invierte En Texas, LLC* is well taken.[16] In that case, a magistrate court questioned whether multiple individuals' investment in a license which was connected to a "vast scheme of immigration fraud" was sufficient to support a civil-RICO claim if the predicate acts were stretched over multiple years.[17] The magistrate court found that the plaintiffs had failed to establish a "pattern" sufficient to carry a civil-RICO claim "[b]ecause all alleged predicate acts . . . were part of a single, otherwise lawful commercial transaction."[18] The same result must be arrived at in this case, because although the Amended "[C]omplaint here cites several instances of fraud, the nature and singular objective of the underlying transaction do not support a finding of closed-ended continuity."[19] This finding is consistent with Congress's intention to "prevent RICO from becoming a surrogate for garden-variety fraud actions properly brought under state law."[20]

---

[14] *Word of Faith*, 90 F.3d at 123.

[15] *See, e.g.*, *Yadav v. Frost Bank*, No. SA20CV00005FBESC, 2020 WL 7385842, at *5 (W.D. Tex. Dec. 16, 2020) ("Pleading multiple predicate acts that are all related to a single offense does not sufficiently plead a continued pattern of criminal activity."), *aff'd sub nom.*, *Yadav v. Bank*, 851 F. App'x 509 (5th Cir. 2021) (per curiam) (unpublished).

[16] *Bustos v. Invierte En Texas, LLC*, No. 4:22-CV-02690, 2024 WL 3364039, at *11 (S.D. Tex. June 3, 2024), *report and recommendation adopted*, No. 4:22-CV-2690, 2024 WL 3371041 (S.D. Tex. July 9, 2024).

[17] *Id.* at 1, 11 n.29.

[18] *Id.* at 11.

[19] *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 208 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 264 (2024).

[20] *Malvino v. Delluniversita*, 840 F.3d 223, 231 (5th Cir. 2016).

**B. Kwakyewaa contends that certain nonparty interactions satisfy the relevant pattern of racketeering activity requirement.**

The Amended Complaint contains brief allegations related to two additional individuals: one Mr. Frank Agbeli and one Ms. Asia Mensah. Kwakyewaa believes that these general allegations are enough to carry her Amended Complaint through the present motion to dismiss.

This contention is a non-starter, as Kwakyewaa did not plead fraud against others as part of her identified pattern of racketeering activity. Not only that, but the allegations pertaining to both nonparties have not been pleaded with the requisite specificity demanded by Federal Rule of Civil Procedure 9(b). Additional complications accompany this portion of the Amended Complaint: any potential "predicate act" arising from Agbeli is only loosely connected to any type of predicate act concerning Kwakyewaa, while any potential "predicate act" arising from Mensah concerns, at most, a single transaction between one individual and Hiamey herself. Given the lackluster state of the allegations pertaining to Agbeli and Mensah, they fall far short of adequately supporting Kwakyewaa's civil-RICO claim.

## III. Hiamey's Objections

**Hiamey contends that the case should be dismissed with prejudice.**

Hiamey's sole objection highlights the insufficiency of Kwakyewaa's pleading and argues that the Court should dismiss Kwakyewaa's claims with prejudice to prevent any future harm. However, in accordance with United States Magistrate Judge David B. Fannin's

previous finding that "*pro se* plaintiffs are typically given multiple opportunities to amend,"[21] the Court declines to dismiss Kwakyewaa's claims outright. Indeed, "[e]ven though the Court recognizes that it may enter dismissal with prejudice . . . the Court will exercise its discretion" and permit Kwakyewaa one final chance to amend her complaint in the manner outlined below.[22]

It is therefore **ORDERED** that the Report and Recommendation of the United States Magistrate Judge[23] is **ADOPTED** to the extent that the Court finds Kwakyewaa's Amended Complaint insufficient to support a civil-RICO claim and further declines to exercise supplemental jurisdiction over Kwakyewaa's state-law claims.

Accordingly, Kwakyewaa's civil-RICO and accompanying state-law claims are hereby **DISMISSED WITHOUT PREJUDICE** under Rules 12(b)(6) and 12(b)(1), respectively.

Kwakyewaa has **14 days from the date of this Order** to file a proposed amended complaint which remedies the defects found in the original complaint.

It is further **ORDERED** that Hiamey's Motion to Strike Plaintiff's Objections for Failure of Service[24] is hereby **DENIED**.

---

[21] Doc. 46 at 1.
[22] *Lagarde Ltd. v. Fed. Express Corp.*, No. CV 25-1412, 2025 WL 2337133, at *8 (E.D. La. Aug. 13, 2025) (internal citation omitted).
[23] Doc. 58.
[24] Doc. 62.

It is further **ORDERED** that Defendant Annie Hiamey's Motion to Dismiss Amended Complaint and Opposition to Plaintiff's Application for Entry of Default[25] is hereby **GRANTED in part** and **DENIED in part**.

It is so **ORDERED.**

SIGNED this 22nd day of November, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

[25] Doc. 55.